## 28

Grace L. Johnson
vs. } Eq. No. 4153
William Tinkham Company et al.

November 17, 1917

TANNER, P. J. . This is a bill in equity brought to compel a transfer of stock on the books of the Company.

The respondent demurs to the complaint upon the ground that the bill fails to state facts from which the Court might find a gift and that

in alleging a gift of the stock it states only a question of law. The respondent argues in its brief that no physical delivery of stock is alleged. In this we think it is in error. The bill does state that complainant received as a gift from her father certain shares of stock in said Company evidenced by certificates which are specifically described. At the time said certificates were duly endorsed and transferred to said complainant by said William Tinkham and said complainant is now the lawful owner and holder of said certificates and has continued so to be since the gift thereof as aforesaid.

We think the statement of the transfer of a certificate of stock is a statement of a physical delivery of the certificate. If the allegation had been that the stock had been transferred, this might be ambiguous since the stock might be transferred to the name of another without a physical delivery of the certificate, but we fail to see how a certificate itself can be transferred without physical delivery. There being then a specific allegation of the delivery of the certificates, the allegation that they were delivered as a gift, however much it may be a conclusion of law, amounts to the allegation that they were delivered with the present intention of making them a gift. The usual way in which an intention is derived from such a delivery would be what was said at the time by the donor. To require a statement of this would be merely to require a statement of evidence, which is not good pleading.

We think, therefore, that the allegation of the delivery of the certificates, duly endorsed, as a gift is sufficient.

The demurrer is overruled.

For complainant: Murdock & Tillinghast.

For respondents: H. B. Agard.